[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#113)
This matter comes before the court on defendant Marian Stanavage's (Stanavage) motion to strike Count Six of a six-count amended complaint which was filed on December 21, 1998. Count Six alleges a violation of Connecticut Unfair Practices Act (CUTPA), § 42-110(b). The plaintiff filed an objection to the motion.
The defendant, Stanavage, is the owner of a parcel of land located at the intersection of Maryland Drive and Carolina Drive in Montville, CT. The plaintiff, Countryside Condominium Assoc. ("Countryside"), is a non-stock corporation which manages Countryside Condominiums, a condominium community which fronts on CT Page 6111 Carolina Drive and is adjacent to the aforementioned land owned by Stanavage.
Countryside alleges that the defendant, Michael Markovitz (Markovitz), acting as the agent of Stanavage, blocked access to the condominium property and caused damage to the common elements of the Condominium.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998).
Stanavage argues that Countryside has failed to allege that a trade, commercial or business relationship exists between them and, therefore, the allegation, as it is pleaded, is insufficient to state a cause of action under CUTPA.
In its memorandum, the plaintiff argues that it has alleged sufficient facts to support a CUTPA violation in that Stanavage and Markovitz are both engaged in the trade or business subdividing and developing the land owned by Stanavage. Further, a consumer relationship exists between the parties because Stanavage is the successor in interest to the original subdivider of the layer parcel from which the Stanavage parcel and the condominium were created. This argument is unavailing.
Connecticut's Unfair Trade Practices Act, states in relevant part that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." (Emphasis added.) General Statutes § 42-110b(a). Trade or commerce, in turn, is defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in the state." General Statutes § 42-110 a(4).
"[T]o allege a CUTPA violation properly, the plaintiff must CT Page 6112 allege, inter alia, that the acts complained of were performed in a trade or business." Pergament v. Green, 32 Conn. App. 644, 655,630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "CUTPA is textually concerned with matters of `trade or commerce.' General Statutes 42-110b (a) Although our Supreme Court has frequently stated that `[u]njustified consumer injury' is the hallmark of a CUTPA violation; (internal quotation marks omitted.) see, e.g., Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 592 A.2d 212 (1995); it has done so in the context of trade, rather than personal, injuries." Simms v. Candela,45 Conn. Sup. 267, 270, 711 A.2d 778 (1998).
In the present case, there is no allegation in the complaint that Stanavage "advertised, sold, leased or distributed any services or property" to the plaintiff. See Quimby v. KimberlyClark Corp. , 28 Conn. App. 660, 670, 613 A.2d 838 (1992). The only relationship alleged by Countryside is that: "Stanavage is the successor in interest to . . . the original subdivider . . . of the larger parcel from which the Stanavage parcel and the Condominium [parcel] were created." These allegations do not allege that Stanavage succeeded to the larger parcel and, thereafter, sold a portion of the parcel to Countryside, thereby creating a consumer relationship between Stanavage and Countryside. Rather, it appears that Countryside seeks to place Stanavage in the position of the original subdivider by virtue of her subsequent ownership of the parcel adjoining their property. Countryside, however, cites to no authority permitting a CUTPA claim premised upon such an indirect relationship.
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown, JacobsonTillinahast, Lahan King, P.C., 32 Conn. App. 786, 797,631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993).
In failing to specifically allege any consumer, competitor, or business relationship with Stanavage herself, Countryside has failed to allege a legally sufficient claim under CUTPA.
Moreover, the plaintiffs have failed to plead sufficient facts in Count Six of the complaint to demonstrate that Stanavage was engaged in the business of selling real estate. The complaint alleges that "the Defendants are engaged in the trade or business of subdividing and developing" the land owned by Stanavage. (Amended Complaint, Sixth Count, ¶ 10). There is no evidence CT Page 6113 that this was the trade or business of Stanavage or Markovitz.
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The Motion to Strike Count Six of the Amended Complaint is granted.
Mihalakos, J.